**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRIGINA**
**Lynchburg Division**

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

7/27/2023

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

DR. JERRY L. FALWELL FAMILY TRUST
AND JERRY FALWELL, JR.

          Plaintiffs,

v.

LIBERTY UNIVERSITY,

          Defendant.

Case No. **6:23CV00040**

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Dr. Jerry L. Falwell Family Trust ("Falwell Family Trust" or the "Trust") and Jerry Falwell, Jr. ("Mr. Falwell," and together "Plaintiffs"), as and for their Complaint against Defendant Liberty University ("Liberty" or the "University"), hereby allege as follows:

## INTRODUCTION

1.    This is an action arising from Liberty University's unauthorized exploitation of the JERRY FALWELL trademark and the name, picture, and/or portrait (together "name or image") of Jerry Falwell in advertising and promoting Liberty University, without consulting with the Falwell family and without the authorization of the Dr. Jerry L. Falwell Family Trust.

2.    For more than fifty years, the distinctive JERRY FALWELL trademark has stood as a nationally recognizable symbol for the late Dr. Jerry L. Falwell's brand of religious goods and services.  Upon his passing in 2007, Dr. Falwell left his valuable JERRY FALWELL trademark in a trust for the benefit of his three children.

3.    Liberty, however, has recently begun to misappropriate the Trust's valuable trademark—and Dr. Falwell's name and image—for itself.  The University has now-repeatedly

distributed advertising and promotional materials that use the JERRY FALWELL trademark—as well as Dr. Falwell's name and image—in a manner that is likely to leave consumers confused as to the relationship between Liberty University and the JERRY FALWELL brand and the Falwell Family Trust.  Indeed, Liberty has misused not only Dr. Falwell's name, image, and trademark, but has also taken Dr. Falwell's own handwriting to create a custom font for Liberty to use in advertising (including a magazine cover); has created footprint engravings from a pair of Dr. Falwell's shoes to adorn a JERRY FALWELL walking tour path on its campus; and has presented the public with renderings of a "Jerry Falwell" hologram meant to be a walking, talking, interactive version of Dr. Falwell.  Upon information and belief, Liberty has purposefully undertaken such activities in order to create a false association with the JERRY FALWELL brand and the Falwell Family Trust.

4.     Liberty has also wrongfully exploited the JERRY FALWELL trademark in advertising its plans to open the JERRY FALWELL CENTER as a new welcome center for future students that will be used to promote the University.  Renderings of the center show the JERRY FALWELL trademark prominently fixed on the building's exterior using Dr. Falwell's own handwritten signature.  Upon information and belief, the JERRY FALWELL CENTER will make extensive use of both the JERRY FALWELL trademark and Dr. Falwell's name and image—including the aforementioned "hologram."  While Liberty has paid some lip-service to honoring Dr. Falwell's legacy, in both private and public statements, the University has revealed that it plans to use the JERRY FALWELL CENTER as promotion **_for Liberty University_** and for the purpose of attracting students to enroll at Liberty.  Upon information and belief, through both the JERRY FALWELL CENTER as well as its advertising and promotion for the center, Liberty intends to confuse consumers into believing that Liberty—including its JERRY FALWELL

CENTER—is endorsed or sponsored by, or otherwise associated or affiliated with, the JERRY FALWELL brand and the Falwell Family Trust.  **It is not.**

5.      In fact, Liberty never consulted with—let alone sought the approval of—the Falwell family before embarking on an apparent campaign to wrap itself in the JERRY FALWELL trademark and the Jerry Falwell name and image.  Nonetheless, the Falwell Family Trust sought to avoid filing this lawsuit, but Liberty has refused to cooperate.  Liberty thus left the Trust no option but to initiate this action to protect its rights.

## THE PARTIES

6.      Plaintiff Dr. Jerry L. Falwell Family Trust is a trust duly established under the laws of the Commonwealth of Virginia following the death of Dr. Jerry L. Falwell.

7.      Plaintiff Jerry Falwell, Jr. is a citizen and resident of Virginia.  He currently resides in Bedford County, Virginia.  Mr. Falwell is the son and next of kin of the late Dr. Jerry L. Falwell.  Upon Dr. Falwell's passing in 2007, Mr. Falwell became a trustee of the Trust, a role in which he continues to serve.  Mr. Falwell is also a beneficiary of the Trust.

8.      Defendant Liberty University is a Virginia nonstock corporation headquartered in Lynchburg, Virginia with its principal office located at 1971 University Blvd, Lynchburg, Virginia 24515.

## JURISDICTION AND VENUE

9.      This action arises in part under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338(a) & (b).

10.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), in that the facts underlying the state law claims are so related to the trademark

claims that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Personal jurisdiction exists over the Defendant because it is headquartered in and has its principal place of business in Virginia.

12.     Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant resides in this district.

## FACTUAL BACKGROUND

### A.  Dr. Falwell and the JERRY FALWELL Trademark

13.     For more than fifty years, the JERRY FALWELL trademark has been recognized by consumers as designating Dr. Falwell's brand of religious goods and services.  Dr. Falwell initially built his brand through sermon delivered through innovative religious programming on radio and television that reached millions of Americans weekly for decades.  He used that programming to spread the teachings of Christ and as means of soliciting hundreds of millions of dollars in donations for religious causes.  Dr. Falwell also gave numerous public speeches and authored a plethora of books, newsletters, and other publications throughout his lifetime. Through both paid and unsolicited widespread national media exposure over the course of decades, the distinctive JERRY FALWELL trademark remains widely recognizable by consumers as signifying Dr. Falwell's brand of religious goods and services to this day.

14.     In 1956, at the age of 22, Dr. Falwell founded Thomas Road Baptist Church.  The same year, Dr. Falwell established *The Old Time Gospel Hour*, which would soon become a successful nationally-syndicated radio and television ministry regularly featuring Dr. Falwell's

appearance and airing until Dr. Falwell's passing in 2007.  By 1971, *The Old Time Gospel Hour* aired in every U.S. state on over 300 television stations.

15.     From no later than 1971, and continuing throughout the rest of his lifetime, Dr. Falwell regularly and consistently used his name, JERRY FALWELL, as a trademark in commerce in connection with multiple commercial pursuits relating to religious goods and services, including religious education and instruction, nationally-broadcast television and radio programs, publication and national distribution of newsletters, books, and home video, and religious travel services.  These pursuits collectively generated hundreds of millions of dollars.

16.     In the ensuing decades, Dr. Falwell rose to prominence as a religious leader and an activist.  He put his well-known name to work for Christ.  By the 1970s, Dr. Falwell's name, image, and distinctive trademark were well-known to the consuming public in the United States, having gained much national exposure through *The Old Time Gospel Hour* as well as through Dr. Falwell's many other public appearances, statements, and writings.  Between 1971 and 2006, Dr. Falwell authored or co-authored at least 21 books.

17.     On January 14, 2003, Dr. Falwell applied to register the JERRY FALWELL trademark with the United States Patent & Trademark Office ("USPTO").  On January 10, 2006, the USPTO registered the JERRY FALWELL trademark, with registration number 3039870 (*see* Exhibit A).  The registered mark covers the following goods and services: "Newsletters in the field of moral and religious issues and events; Retailing services via computer and direct response retail services by means of commercials featuring religious items; Educational lecturing and teaching services, namely, religious instruction and teaching in the field of religious studies; Preaching and counseling, namely, ministerial services."

18.     The federal registration for the JERRY FALWELL trademark (Reg. No. 3039870) is incontestable.

19.     After Dr. Falwell's passing in 2007, ownership of the JERRY FALWELL trademark, including specifically Registration No. 3039870, and Dr. Falwell's rights to his name and image under Virginia Code § 8.01-40, passed to the Falwell Family Trust.

20.     In a subsequent written agreement with the Trust, the University "acknowledge[d] the Trust's ownership of and exclusive right to use and register its JERRY FALWELL mark … and agree[d] not to oppose, petition to cancel, or otherwise challenge or object to the use or any current registration and/or subsequent application for registration by the Trust of marks consisting of or comprising the term JERRY FALWELL …"

21.     Though Dr. Falwell passed away in 2007, the Falwell Family Trust has continued to use the JERRY FALWELL trademark in commerce, including through licensed use by nonparties.  For example, the JERRY FALWELL mark continues to be used in the field of religious education and instruction, and is used, together with the related "falwell.com" mark, in connection with the goods and services of Thomas Road Worldwide, which includes, among other things, an e-commerce store that sells religious literature and other media, including works authored by Dr. Falwell.

**B.      Liberty University's Acts of Infringement**

22.     Commencing by no later than October 2021 and continuing thereafter, Liberty executed a promotional campaign that repeatedly employed the JERRY FALWELL trademark, and marks confusingly similar thereto, in such a manner as to be likely to create confusion as to the relationship between Liberty and the JERRY FALWELL brand and the Falwell Family Trust. Liberty systematically deployed the JERRY FALWELL trademark and marks confusingly similar thereto, as well as Dr. Falwell's name and image, across multiple media platforms it uses

to advertise and promote the University (including print, digital, web, social media, and other audiovisual content, including commercials), and for purposes of trade, in such a way as to send the unmistakable message that Liberty is endorsed, sponsored or approved by, or otherwise affiliated, connected, or associated with the JERRY FALWELL brand and the Falwell Family Trust (or, at a minimum, in a way that is likely to create confusion).  In fact, it is not; Liberty disregarded the Trust's rights in the JERRY FALWELL trademark and the rights in Dr. Falwell's name and image, and did not obtain consent or permission of the Trust before undertaking to confuse the public as to its relationship with the JERRY FALWELL brand and the Falwell Family Trust.

23.     In or around October 2021, Defendant Liberty University used the JERRY FALWELL trademark, and marks confusingly similar thereto, without authorization, in advertising and promoting its plans to expand its Hancock Welcome Center—a "visitor's center" where future Liberty students begin their campus tour—with a new wing named the JERRY FALWELL CENTER.

24.     While Liberty stated that the new JERRY FALWELL CENTER would "honor" Dr. Falwell, Liberty's actions, and its statements in both public and private, reveal that, upon information and belief, Liberty intends to use the JERRY FALWELL CENTER as a facility that primarily serves to advertise and promote *the University* to consumers of higher education, and to do so by creating a false association with JERRY FALWELL brand and the Falwell Family Trust in order to commercially benefit from the immense goodwill and reputational value associated therewith.

25.     For example, in or around November 2021, Liberty's Vice President of Major Construction stated, "the mission for the building is to create a center where a variety of visitors

can experience not only the founder's vision of Liberty University, ***but also to highlight what Liberty is today***."  He added, "Our campus has grown to the size where it is difficult to see it all in one visit . . . The idea is for us to be able to condense a long physical tour into a highlighted tour that allows visitors to see amazing things on campus that we are very proud of."

26.     Similarly, before a decision had been made to construct or even announce the JERRY FALWELL CENTER, Liberty's then-president admitted in a private communication that Liberty was seeking to fill the potential center with "video and interactive [displays] [that] will appeal to parents on why they should send their students to [L]iberty."  He added that he would not construct the center unless he could be convinced "that it is possible to produce a wow factor in recruiting students and adults" and that the University was determining whether the center could "inspire students to want to come to [Liberty] and inspire parents to want to send their students to [Liberty]."

27.     Thus, upon information and belief, Liberty is developing and plans to open to the public a facility that will extensively use the JERRY FALWELL trademark, and marks confusingly similar thereto, as well as Dr. Falwell's name and likeness, in service of advertising and promoting Liberty's educational goods and services and for the purposes of trade, while trading on the reputation and goodwill of the JERRY FALWELL brand.

28.     Following its initial announcement of the center, Liberty continued to distribute advertising and promotional materials that utilized the JERRY FALWELL trademark and marks confusingly similar thereto, as well as Dr. Falwell's name and image, without authorization and in a manner that is likely to confuse.

29.     For example, in or around November 2021, Liberty University published and began distributing copies of the Fall 2021 issue of the Liberty Journal (herein the "Fall 2021 Magazine").

30.     The Liberty Journal is one of the primary means that Liberty advertises and promotes the University.

31.     In the Fall 2021 Magazine, Liberty sought, upon information and belief, to cement a false association between itself and the JERRY FALWELL brand.

32.     To start, the cover of the Fall 2021 Magazine includes a photo of Dr. Falwell and Mr. Falwell.  The inner pages of the issue contain at least seven additional photos of Dr. Falwell and numerous references to Dr. Falwell and the JERRY FALWELL CENTER.

33.     Among other things, the Fall 2021 Magazine includes an article titled "From His Own Hand" which is accompanied by a large photo of Dr. Falwell.  The article informs readers that Liberty commissioned a 6-month study of Dr. Falwell's handwriting and created two custom fonts designed to "replicate the distinct handwriting of … Dr. Falwell."  The article notes that, on the cover of the magazine, the masthead "LIBERTY JOURNAL" appears in one of the Dr. Falwell fonts.   The font appears nearly a dozen times throughout the issue and encourages students, alumni, and others to "see how many places you can find the new Falwell fonts used around campus and on the website."

34.     After the table of contents, the first page of the Fall 2021 Magazine contains a "message from the president" of Liberty that purports to "announce the new Jerry Falwell Center … scheduled to open in 2023" as "an extension of the Hancock Welcome Center."  The article is paired with a rendering of the JERRY FALWELL CENTER (depicted below), which

prominently features the JERRY FALWELL trademark on the building's exterior in the style of Dr. Falwell's own handwritten signature.



35.     The same rendering appears a second time ten pages later in the Fall 2021 Magazine.  On that page, the Fall 2021 Magazine elaborates, with the University's then-president stating "The center will show how Liberty is incorporating a Christian worldview and evangelical fervor throughout all areas, including academics, athletics, and student life," once again reflecting Liberty's intention, upon information and belief, to use the JERRY FALWELL CENTER as advertising and promotion for Liberty to consumers of higher education.

36.     The same section of the magazine includes a three-page excerpt of a writing by Dr. Falwell, which is paired with four photos of Dr. Falwell, one of which is enlarged and runs the length of the magazine.

37.     The Fall 2021 Magazine includes advertisements for a book published by Liberty and other Liberty University merchandise being offered for sale by Liberty, such as hats and mugs.

38.     Around the same time, Liberty opened a "self-guided tour" on its campus.  At each of nine different points along the walking tour, Liberty posted footprint engravings made from a pair of Dr. Falwell's shoes.  Liberty publicly announced the tour and emphasized the engravings of Dr. Falwell's footprints in advertising and promotional materials.

39.     After releasing the Fall 2021 Magazine, Liberty continued to use, without authorization, the JERRY FALWELL trademark, and Dr. Falwell's name and image, to advertise and promote itself and the JERRY FALWELL CENTER.

40.     For example, following the initial publication of the Fall 2021 Magazine, Liberty flooded its social media platforms with advertisements for the University that used the JERRY FALWELL trademark, and marks confusingly similar thereto, as well as Dr. Falwell's name and image, without authorization and in a manner that is likely to confuse.

41.     Liberty's social media accounts, including Instagram, Facebook, and Twitter, are one of the primary means by which Liberty advertises and promotes the University.

42.     On or about February 22, 2022, Liberty posted a tweet to its Twitter page linking to a version of the article described in Paragraph 33, *supra*, that Liberty published to its website, stating that "a special font was created by Liberty University" based on Dr. Falwell's handwriting.  The tweet included a photo of Dr. Falwell signing a document.  The tweet further notes that "The masthead for the print version of this magazine, "LIBERTY JOURNAL," appears in a handwriting-style font."

43.     On March 24, 2022, Liberty posted another tweet to its Twitter account, utilizing the JERRY FALWELL trademark, or marks confusingly similar thereto, as well as Dr. Falwell's name and image, in an advertisement for a book being published and offered for sale by Liberty. The tweet references Dr. Falwell having "walked and prayed over Liberty Mountain" and

directing readers to "[p]urchase your copy" of the book, providing a link to the website where the book may be purchased.

44.    On or about October 24, 2022, Liberty published and publicly distributed a commercial to its Instagram account advertising Liberty's football games, from which Liberty generates substantial revenue, and using the JERRY FALWELL trademark, or marks confusingly similar thereto, as well as Dr. Falwell's name and image, to do so.  The video contains footage of, among other things, Liberty's football team playing football at the University's Williams Stadium and speeches by the coach referencing Dr. Falwell intermixed with footage of Dr. Falwell's image and clips of Dr. Falwell speaking, among other things, about football.

45.    The October 24 commercial followed another commercial that Liberty published and distributed on its Instagram account or about October 21, 2022, again advertising Liberty's football games using Dr. Falwell's image to do so.

46.    The foregoing examples of the use of the JERRY FALWELL trademark and Dr. Falwell's name and image are non-exhaustive; Liberty distributed additional advertising and promotional materials during the same time period that use the JERRY FALWELL trademark and/or Dr. Falwell's name and image in a manner that is likely to confuse.

47.    On or about November 16, 2022, Liberty hosted a convocation ceremony, which event Liberty filmed and broadcasted online and continues to make available for viewing.

48.    During the event, Liberty's then-president, Jerry Prevo, publicly unveiled new renderings of the JERRY FALWELL CENTER to an arena packed with thousands of students and others watching the live broadcast online, and disclosed information about the pervasive

extent to which Liberty intends to use the JERRY FALWELL trademark, as well as Dr. Falwell's name and image, throughout the center.

49.    During the event, Mr. Prevo revealed the below-rendering of the so-called "core" of the JERRY FALWELL CENTER, which is a lobby spanning the height of two levels and which includes a floor-to-ceiling portrait of Dr. Falwell, as seen below (at right).



50.    Mr. Prevo informed the audience, "we're going to be using the entertaining technology of our day … we're consulting with the people who do Disneyland, Disney World … we want to make this an experience you go through it and say wow," again referencing the "wow factor" in student recruitment that Mr. Prevo had previously cited in private communications as a condition for moving forward with the center.

51.    Mr. Prevo then presented to the audience a rendering of a theater with a hologram of Dr. Falwell appearing on stage beneath a banner bearing the initials for Liberty University (below).  Mr. Prevo stated, "The Jerry Falwell theater, they tell me, that they can make him walk

right out on the stage as if he was literally there and speak to you … he's … a man of great faith, we're going to use some of his sermons."



52.     Mr. Prevo thus confirmed in his public remarks that Liberty intends to not only use the JERRY FALWELL trademark and name both in the center's name and throughout the center, but that Dr. Falwell's image will be utilized throughout the center as well.

53.     Liberty continues to use the JERRY FALWELL trademark, and marks confusingly similar thereto, as well as Dr. Falwell's name and image, in advertising and promotion for the JERRY FALWELL CENTER and the University, as well as to generate revenue for Liberty.

54.     For instance, Liberty is using the JERRY FALWELL trademark as part of the infringing domain name JERRYFALWELLCENTER.COM, which is the University's official

website for the JERRY FALWELL CENTER.  The website makes numerous uses of the trademark, and marks confusingly similar thereto, and includes Dr. Falwell's image.  The website includes several statements that are likely to confuse as to Liberty's relationship with JERRY FALWELL and the Falwell Family Trust.  Through the website, Liberty solicits donations to the University and links to a form for processing such donations.

55.     The infringing website also uses the JERRY FALWELL trademark, and marks confusingly similar thereto, and Dr. Fawell's name and image, in in connection with advertising and promoting its sale of so-called "naming opportunities," *i.e.*, the right to have a room in the JERRY FALWELL CENTER named after an individual.  Upon information and belief, Liberty is offering for sale the naming rights to eleven different rooms or areas in the JERRY FALWELL CENTER in exchange for extraordinary sums of money.

## COUNT ONE:  FEDERAL TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1114(1) (Section 32(1) of the Lanham Act)

56.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 55 with the same force and effect as if fully stated herein.

57.     The Falwell Family Trust owns an incontestable trademark registration, Reg. No. 3039870, for the JERRY FALWELL trademark.

58.     Liberty has both actual and constructive knowledge of Falwell Family Trust's federally registered JERRY FALWELL trademark.

59.     Liberty has used, is using, and, upon information and belief, will continue to use the Falwell Family Trust's federally registered JERRY FALWELL trademark, and marks confusing similar thereto, in connection with the advertising, promotion, and sale of its goods

and services including, without limitation, the JERRY FALWELL CENTER, without the Falwell Family Trust's authorization.

60. Liberty's unauthorized use of the JERRY FALWELL trademark, and marks confusingly similar thereto, has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship, endorsement, or approval by, the Falwell Family Trust, in violation of 15 U.S.C. § 1114.

61. Liberty's unlawful conduct was and is knowing, deliberate, willful, and in bad faith and done with the intent to trade on the goodwill and reputation of the Falwell Family Trust and its federally registered JERRY FALWELL trademark and to deceive consumers into believing that the Falwell Family Trust was connected with Defendants' goods and services.

62. As a result of Liberty's unlawful conduct, Plaintiffs have suffered and are likely to suffer damages, and Liberty has obtained profits and/or unjust enrichment.

63. Unless Liberty is enjoined from its unlawful conduct, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.

## COUNT TWO:  FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN

15 U.S.C. § 1125(a)(1)(A) (Section 43(a)(1)(A) of the Lanham Act)

64. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 63 with the same force and effect as if fully stated herein.

65. The Falwell Family Trust owns distinctive marks for JERRY FALWELL for a variety of goods and services.

66. Liberty has both actual and constructive knowledge of Falwell Family Trust's superior rights in the JERRY FALWELL marks.

67.     Liberty has used, is using, and, upon information and belief, will continue to use the Falwell Family Trust's JERRY FALWELL trademarks, and marks confusing similar thereto, in connection with the advertising, promotion, and sale of its goods and services, including, without limitation, the JERRY FALWELL CENTER without the Falwell Family Trust's authorization.

68.     Liberty's unauthorized use of the JERRY FALWELL trademark, and marks confusingly similar thereto, has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship, endorsement, or approval by, the Falwell Family Trust, in violation of 15 U.S.C. § 1125.

69.     Liberty's unlawful conduct was and is knowing, deliberate, willful, and in bad faith and done with the intent to trade on the goodwill and reputation of the Falwell Family Trust and its federally registered JERRY FALWELL trademark and to deceive consumers into believing that the Falwell Family Trust was connected with Defendants' goods and services.

70.     As a result of Liberty's unlawful conduct, Plaintiffs have suffered and are likely to suffer damages, and Liberty has obtained profits and/or unjust enrichment.

71.     Unless Liberty is enjoined from its unlawful conduct, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.

## COUNT THREE: FALSE ADVERTISING

15 U.S.C. § 1125(a)(1)(B) (Section 43(a)(1)(B) of the Lanham Act)

72.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 71 with the same force and effect as if fully stated herein.

73.     Liberty is distributing and has distributed advertising and promotional materials that contain statements that cause consumers to wrongly believe that Liberty's use of the JERRY

FALWELL trademark, and marks confusingly similar thereto, is authorized, licensed, endorsed or sponsored by, or otherwise affiliated, associated, or connected with the Falwell Family Trust, when in fact it is not.

74.     Liberty's false or misleading statements misrepresent the nature, characteristics, and qualities of Liberty's goods, services, or commercial activities, including, without limitation, the JERRY FALWELL CENTER, and have deceived and are likely to deceive the public and the trade in violation of 15 U.S.C. § 1125.

75.     Liberty's unlawful conduct was and is knowing, willful, deliberate, and in bad faith because Liberty knew at the time the statements were made that they were false or misleading statements and made the statements in order to increase the sales of their goods or services.

76.     As a result of Liberty's unlawful conduct, Plaintiffs have suffered and are likely to suffer damages, and Liberty has obtained profits and/or unjust enrichment.

77.     Unless Liberty is permanently enjoined from its unlawful conduct, Plaintiffs will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT FOUR:  UNAUTHORIZED USE OF NAME, PORTRAIT, OR PICTURE

Va. Code Ann. § 8.01-40

78.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 77 with the same force and effect as if fully stated herein.

79.     Liberty has used, is using, and, upon information and belief, will continue to use the name, portrait, and/or picture of Dr. Falwell without the required written consent and for advertising purposes and/or for the purposes of trade.

80.     Liberty's use of Dr. Falwell's name, portrait, and/or picture, without the required written consent and for advertising purposes and/or for the purposes of trade, has caused Plaintiffs damage and irreparable injury.

81.     Liberty has knowingly used Dr. Falwell's name, portrait, and/or picture in such manner as is forbidden or declared to be unlawful by Va. Code Ann. § 8.01-40, and is therefore liable for punitive damages.

**COUNT FIVE:  TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN UNDER VIRGINIA LAW**

82.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 81 with the same force and effect as if fully stated herein.

83.     The Falwell Family Trust owns distinctive trademarks for JERRY FALWELL for a variety of goods and services.

84.     Liberty has both actual and constructive knowledge of Falwell Family Trust's superior rights in the JERRY FALWELL marks.

85.     Liberty has used, is using, and, upon information and belief, will continue to use the Falwell Family Trust's JERRY FALWELL trademarks, and marks confusing similar thereto, in connection with the advertising, promotion, and sale of its goods and services, including, without limitation, the JERRY FALWELL CENTER, without the Falwell Family Trust's authorization.

86.     Liberty's unauthorized use of the JERRY FALWELL trademark has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship, endorsement, or approval by, the Falwell Family Trust, in violation of Virginia law.

87.     Liberty's unlawful conduct was and is knowing, deliberate, willful, and in bad faith and done with the intent to trade on the goodwill and reputation of the Falwell Family Trust and its JERRY FALWELL trademark and to deceive consumers into believing that the Falwell Family Trust was connected with Defendants' goods and services.

88.     As a result of Liberty's unlawful conduct, Plaintiffs have suffered and are likely to suffer damages, and Liberty has obtained profits and/or unjust enrichment.

89.     Unless Liberty is enjoined from its unlawful conduct, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.

### COUNT SIX: FALSE ADVERTISING AND UNFAIR COMPETITION UNDER VIRGINIA LAW

90.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 89 with the same force and effect as if fully stated herein.

91.     Liberty is distributing and has distributed advertising and promotional materials that contain statements that cause consumers to wrongly believe that Liberty's use of the JERRY FALWELL trademark, and marks confusingly similar thereto, is authorized, licensed, endorsed or sponsored by, or otherwise affiliated, associated, or connected with the Falwell Family Trust, when in fact it is not.  Accordingly, Liberty's advertising and promotional materials misrepresent its goods or services as those of another; misrepresent the source, sponsorship, or approval of goods or services, misrepresent the affiliation, connection, or association of the supplier, or of the goods or services, with another; and misrepresents that goods or services have certain characteristics; in violation of the Virginia Consumer Protection Act.

92.     Liberty's unlawful conduct was and is knowing, willful, deliberate, and in bad faith because Liberty knew at the time the statements were made that they were false or

misleading statements and made the statements in order to increase the sales of their goods or services.

93.     As a result of Liberty's unlawful conduct, Plaintiffs have suffered and are likely to suffer damages, and Liberty has obtained profits and/or unjust enrichment.

94.     Unless Liberty is permanently enjoined from its unlawful conduct, Plaintiffs will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT SEVEN: ANTICYBERSQUATTING CONSUMER PROTECTION ACT

### 15 U.S.C. § 1125(d)

95.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 94 with the same force and effect.

96.     The Falwell Family Trust owns the distinctive JERRY FALWELL trademark.

97.     The Falwell Family Trust owns an incontestable trademark registration, Reg. No. 3039870, for the JERRY FALWELL trademark.

98.     Liberty has both actual and constructive knowledge of Falwell Family Trust's JERRY FALWELL trademark.

99.     Liberty has, upon information and belief, a bad faith intent to profit from the JERRY FALWELL trademark.

100.    Liberty has registered, trafficked in, and used, and is continuing to maintain the registration of, traffic in, and use, the domain name JERRYFALWELLCENTER.COM, which is identical or confusing similar to the JERRY FALWELL trademark.

101.    As a result of Liberty's unlawful conduct, Plaintiffs have suffered and are likely to suffer damages, and Liberty has obtained profits and/or unjust enrichment.

102.   Unless Liberty is enjoined from its unlawful conduct, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.

**PRAYER FOR RELIEF**

103.   WHEREFORE, for the reasons set forth herein, Plaintiffs Dr. Jerry L. Falwell Family Trust and Jerry Falwell, Jr. respectfully request this Honorable Court:

a)   Enter judgment in Plaintiffs' favor against Defendant on all claims for relief alleged herein;

b)   Issue a permanent injunction that:

1.   Enjoins Defendant, its employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with it or having knowledge of its use of the JERRY FALWELL marks and the Jerry Falwell name, portrait, or picture, from using Dr. Falwell's name, portrait, or picture in advertising or for purposes of trade, and from using the JERRY FALWELL trademark, alone or in combination with any word(s), name(s), term(s), designation(s), marks(s), or design(s), as well as any mark, image, or depiction that is confusingly similar to or likely to impair the distinctiveness of the JERRY FALWELL marks;

2.   Enjoins Defendants, its employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with them or having knowledge of the causes of action from making false or

misleading statements concerning the JERRY FALWELL marks and Defendant's use thereof, whether Defendant's use of the JERRY FALWELL marks is licensed, sponsored, endorsed or approved by, or otherwise associated, affiliated, or connected with the Falwell Family Trust; and, in the sale, advertising, or promotion of their goods and services, from using the JERRY FALWELL marks, alone or in combination with any word(s), term(s), designation(s), marks(s), or design(s), as well as any mark, image, or depiction that is confusingly similar or likely to impair the JERRY FALWELL marks;

3.   Requires Defendant, its employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with it or having knowledge of the causes of action to engage in corrective advertising in a form pre-approved by the Trust and the Court to dispel the confusion caused by Defendant's unlawful conduct; and

4.   Requires Defendant to file with the Court and serve on Plaintiffs, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction.

5.   Requires Defendant to transfer the infringing JERRYFALWELLCENTER.COM domain to the Trust.

c)   Grant monetary relief in the form of:

1. Compensatory damages and disgorgement of Defendant's profits under 15 U.S.C. § 1117 and Virginia law for all injuries caused by Defendant's acts alleged herein;

2. An accounting of Defendant's profits derived by Defendant's acts alleged herein under 15 U.S.C. § 1117 and Virginia law and said accounting trebled;

3. Statutory damages, if elected by Plaintiff at the appropriate time;

4. Punitive damages under Virginia law;

5. Enhanced or treble damages under 15 U.S.C. § 1117 and Virginia law;

6. Attorneys' fees and costs under 15 U.S.C. § 1117 and Virginia law;

7. Prejudgment and postjudgment interest; and

8. Such other and further relief which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Dr. Jerry L. Falwell Family Trust and Jerry Falwell, Jr. hereby demand a trial by jury.

/s/ *Broderick C. Dunn*
Counsel

Broderick C. Dunn (VSB No. 74847)
Philip C. Krone (VSB No. 87723)
COOK CRAIG & FRANCUZENKO, PLLC
3050 Chain Bridge Road
Suite 200
Fairfax, Virginia 22030
Telephone:    (703) 865-7480
Facsimile:    (703) 434-3510
E-Mail:    bdunn@cookcraig.com
E-Mail:    pkrone@cookcraig.com

*Counsel for Plaintiff, Dr. Jerry L. Falwell Family Trust*

/s/ *Vernon E. Inge, Jr.*
Counsel

Vernon E. Inge, Jr (VSB No. 32699)
Robert N. Drewry (VSB No. 91282)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    (804) 977-3300
Facsimile:    (804) 977-3299
E-Mail:    vinge@wtplaw.com
E-Mail:    rdrewry@wtplaw.com

*Counsel for Plaintiff, Jerry L. Falwell, Jr., Individually*