CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/4/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JERRY FALWELL, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> LIBERTY UNIVERSITY, *et al.*, <br><br> *Defendants*. | CASE NO. 6:23-cv-40 <br><br> MEMORANDUM <br> OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

On September 13, 2023, Plaintiff Jerry Falwell, Jr., filed an eight-count Amended Complaint in this Court. Counts One through Seven of the Amended Complaint focus on the alleged misuse of intellectual property under federal and Virginia law by Defendants Liberty University and Jerry Prevo. Only Count Eight, a claim for breach of fiduciary duty, names Defendant Jonathan Falwell.

Liberty and Prevo filed a joint Motion to Dismiss. Jonathan Falwell likewise filed a Motion to Dismiss. The Court heard argument on these motions on November 22, 2023.

For the reasons laid out below, the Court will grant Jonathan Falwell's Motion to Dismiss, Dkt. 25, and stay the case as to all other matters pending the outcome of a lawsuit between the two Falwell parties in the Circuit Court for the City of Lynchburg.

## Background

Plaintiff Jerry Falwell, Jr., Defendant Jonathan Falwell, and their sister Jeannie are the children of Jerry Falwell, Sr., and were the three beneficiaries of the Falwell Family Trust. Dkt. 16 ¶ 15. After the death of Jerry Falwell, Sr., the Falwell Family Trust held the rights to the

JERRY FALWELL trademark as well as to the image and name of Jerry Falwell, Sr. (collectively, the "Falwell IP"). *Id.* ¶ 29. Among other commercial uses, the Trust licensed use of the JERRY FALWELL trademark to third parties. *Id.* ¶ 31.

Plaintiff alleges that Defendant Liberty University, which Jerry Falwell, Sr., founded in 1971, has "repeatedly employed the JERRY FALWELL trademarks" despite having acknowledged the Trust's exclusive ownership of and right to use the FALWELL mark. *Id.* ¶¶ 6, 30, 32, 58.

Prior to his resignation in August 2020, Plaintiff, held prominent positions at Liberty University including President and Chancellor; Jonathan Falwell currently serves as Liberty's Chancellor and sits on its Board of Trustees. *Id.* ¶¶ 4, 106–08.

Trusteeship of the Falwell Family Trust, previously held by both Plaintiff and Jonathan Falwell, as co-trustees, became contested. On approximately August 22, 2023, Plaintiff filed an action in the Lynchburg Circuit Court, Case No. CL23000712-00, seeking to have Jonathan Falwell disqualified from acting as a trustee in relation to Defendant Liberty University's use of the intellectual property held by the Trust. *Id.* ¶ 102. Jonathan Falwell and his sister Jeannie, as the majority of the Trust beneficiaries, acted to remove Plaintiff as a trustee of the Trust on or around September 6, 2023. ¶ 120.

The background recounted up until this point is drawn from the Amended Complaint. The next paragraphs reflect information from the parties' subsequent filings.

Approximately one day before the Amended Complaint was filed on September 13, 2023, allegedly without informing Plaintiff, Jonathan Falwell assigned the intellectual property held by the Trust to the three siblings as tenants in common. Dkt. 33 at 11; Dkt. 26 at 6. Plaintiff disputes the assignment in his state court case and seeks to have it reversed, arguing that the assignment

was void because Jonathan Falwell failed to comply with Virginia law to be qualified to act as a trustee; acted improperly while a vacancy in the trust was pending in violation of Falwell Sr.'s will, and suffered from a severe conflict of interest. Dkt. 33 at 11.

In their motion to dismiss, Defendants Liberty and Prevo argue that Plaintiff had no standing to bring suit as a minority beneficiary of the Falwell Family Trust, and that his claims must be dismissed based on failure to allege personal ownership of the intellectual property at issue. Dkt. 23-1 at 4–10. In his separate motion to dismiss, Defendant Jonathan Falwell argues that the Court does not have, or should not exercise, jurisdiction over the claim against him. Dkt. 26 at 8–12.

When the Court heard argument on these motions, the state court action to determine ownership of the Falwell IP was ongoing, with a hearing expected in the next month.

**Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure tests a district court's subject matter jurisdiction.[1] The plaintiff bears the burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion, as the party asserting the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A trial court may consider evidence and matters outside the complaint on a Rule 12(b)(1) motion without converting the proceeding to one for summary judgment.[2] *Id.*

---

[1] The Defendants all also invoke Rule 12(b)(6) in their motions. However, because the Court declines to exercise supplemental jurisdiction over the state-law claim against Jonathan Falwell, and because this action will otherwise be stayed during pending and related state court proceedings, the Court will refrain from considering the 12(b)(6) arguments at this point.

[2] All of the parties have filed numerous exhibits with their briefs; there have been no disputes as to the authenticity of the documents.

Analysis

a.  **Defendant Jonathan Falwell's Motion to Dismiss**

Defendant Jonathan Falwell argues under Rule 12(b)(1) that the Court lacks subject matter jurisdiction over the claim against him, or, in that alternative, that the Court should decline to exercise jurisdiction over the claim. Dkt. 26 at 8–12.

The only claim against Jonathan Falwell in the Amended Complaint is Count Eight, breach of fiduciary duty, based on his conduct as to the Falwell Family Trust. Dkt. 16 ¶¶ 174–77. This cause of action is not rooted in federal law. Nor is there diversity of citizenship, as both of the Falwell brothers are alleged to live in Virginia. Dkt. 16. ¶¶ 12, 15.

When a federal court has original jurisdiction over a civil case, it may exercise supplemental jurisdiction over claims that form part of the same case or controversy. 28 U.S.C. § 1367 (a). However, a court "may decline to exercise supplemental jurisdiction" under a variety of circumstances, including when the claim "raises a novel or complex issue of State law" or "in exceptional circumstances, [when] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367 (c)(1), (4). A court may exercise its discretion in retaining jurisdiction over such state law claims pursuant to § 1367 "by considering factors that include: 'convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999) (quoting *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995)).

The Court concludes that this case presents an exceptional circumstance and compelling reasons to decline supplemental jurisdiction over the claim against Jonathan Falwell. When Plaintiff filed the Amended Complaint, which added the Count Eight breach of fiduciary duty claim against Jonathan Falwell to this action, he had already filed a Petition for Disqualification

of Trustee in the Circuit Court for the City of Lynchburg. Dkt. 26-2. The allegations in that petition as to Jonathan Falwell's actions and inactions regarding the Falwell Family Trust overlap substantially with those presented in the Amended Complaint; compare, *e.g.*, Dkt. 16 ¶¶ 175–76 with Dkt. 26-2, ¶¶ 53, 58, 59. Moreover, the Court considers the steps that the parties have taken to alter their legal relationships during the course of these two cases: Jonathan Falwell removing Plaintiff as a trustee of the Family Trust; Jonathan Falwell distributing the Falwell IP to the siblings; Plaintiff seeking to disqualify Jonathan Falwell as a trustee. These are action taken to alter their relationship under state law, and the state court is best positioned to make findings based on the evolving legal relationships between the two parties.

      Considering convenience and fairness to the parties, the Court concludes that declining to exercise jurisdiction over Count Eight best serves these interests. The parties are already litigating questions at the heart of the breach of fiduciary duty claim in state court—namely, whether Jonathan Falwell failed to protect the Falwell IP and whether he acted improperly in Liberty's interest. Confining the action against Jonathan Falwell based on his conduct as trustee to the state court system does not cause unfair prejudice to Plaintiff when issues at the core of his claim are already the subject of litigation in that system. Additionally, respect for the capacity of the state court and the interests of judicial economy counsel against exercising supplemental jurisdiction over this claim.

      The statutory exception to supplemental jurisdiction where the claim "raises a novel or complex issue of State law," 28 U.S.C. § 1367 (c)(1), also applies here. While breach of fiduciary duty is not novel in the abstract, the specific facts of this case require complex and novel application of Virginia law of trusts. The Court has been unable to identify Virginia cases which speak to the situation at hand, and the parties have pointed to none, where intellectual

5

property interests intersect with the fiduciary duty of a person with trustee responsibilities to two organizations whose interests were aligned for many years.

Further, to exercise supplemental jurisdiction over the one state-law count against Jonathan Falwell, this Court would also have to consider the effect of Jerry Falwell, Sr.'s will on the fiduciary duties at issue. According to the Plaintiff, Jonathan Falwell never qualified as a trustee as required by the will. Dkt. 29-2 at 3. The Court would also have to consider arguments as to the Will's provision that the Trust property be distributed after the death of Falwell, Sr.'s wife, who passed away in 2015. Dkt. 23-2 at 5; Dkt. 26 ¶ 6; Dkt. 29 at 25, n.5. Finally, whether Plaintiff, having evolved from trustee to minority beneficiary of the Trust to perhaps one-third owner of the Falwell IP, can bring suit against Jonathan Falwell under such circumstances is an additional and complex state law question.

For these reasons, the Court considers it proper to decline to exercise supplemental jurisdiction over Count Eight.

### b.  Defendants Liberty University and Jerry Prevo's Motion to Dismiss

Defendants Liberty and Prevo challenge the Court's jurisdiction under Rule 12(b)(1) via a factual challenge to Plaintiff's standing. Dkt. 23-1 at 4–10. In order to gain clarity on the matter of standing, they requested at the Motion to Dismiss hearing that the Court stay this case until the question of who owns the Falwell IP is resolved in the Virginia Circuit Court for the City of Lynchburg.

The decision to stay an action is within the discretion of the Court; authority "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Claims One through Seven focus on misuse of the Falwell IP by Defendants Liberty University and Jerry Prevo, and so the issue of who owns the Falwell IP is material to the resolution of these claims. Yet the question of who owns the Falwell IP—whether it belongs to the Trust or to the Falwell siblings as tenants in common—is being litigated in the Lynchburg Circuit Court. Dkt. 29-9 at 1–2. Proceeding with the claims against Defendants Liberty and Prevo in this action, during the pendency of the state court action regarding ownership of the Falwell IP would require substantially overlapping—if not wholly duplicative—argument and evidence from the parties, and overlapping legal and factual determinations from the Court.

In conclusion, in order to manage the docket with economy of time and effort for itself, counsel, and litigants, the court will **STAY** the case until the issue of ownership is resolved in the Circuit Court for the City of Lynchburg, case CL23000712-00.

Jonathan Falwell's Motion to Dismiss is **GRANTED**. Dkt. 25.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

Entered this  4th   day of December, 2023.

                                                        NORMAN K. MOON
                                                        SENIOR UNITED STATES DISTRICT JUDGE